IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
JAN 17 2020
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| ANTHONY REBICH, and SHERRY REBICH, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA, and DOES 1 through 10, inclusive, <br><br> Defendants. | CV 19–26–M–DWM <br><br> ORDER |

Anthony Rebich is an Army veteran who receives medical care from the Department of Veterans Affairs ("VA"). He and his wife are suing the VA under the Federal Tort Claims Act for negligence, medical malpractice, and negligent infliction of emotional distress based on his receipt of allegedly inadequate treatment. The VA seeks to dismiss the negligent infliction of emotional distress claim, arguing that the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511, precludes subject matter jurisdiction. (Doc. 14.) For the following reasons, the motion is granted.

1

## LEGAL STANDARD

A defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Here, the VA facially challenges the complaint. (Doc. 15 at 6.) In resolving a facial challenge, the court must accept all allegations as true and draw all reasonable inferences in favor of the plaintiff. *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## ANALYSIS

The VJRA bars judicial review of any decision by the VA Secretary "that affects the provision of benefits . . . to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511. The VA's regulations define "benefit" broadly to mean "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). The Ninth Circuit interprets § 511 to "preclude[] jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits

2

determinations." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc) (internal quotation marks and citations omitted). "This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.*

Section 511 does not bar jurisdiction over medical malpractice and negligence claims brought under the Federal Tort Claims Act, 28 U.S.C. § 1346. *Tunac v. United States*, 897 F.3d 1197, 1203 (9th Cir. 2018). However, whether a claim permissibly alleges a tort or impermissibly challenges a benefits decision is not always clear. In *Tumac*, the surviving wife of a veteran alleged that the VA's failure to provide adequate follow-up treatment and the delay in treatment caused the veteran's death and that the failure to provide timely, quality healthcare was negligent. *Id.* at 1200–01. The Ninth Circuit held that claims that VA medical professionals breached their duty of care are actionable under the Federal Tort Claims Act, while claims for "administrative negligence in scheduling appointments" are barred by § 511. *Id.* at 1205–06.

Here, Rebich's negligent infliction of emotional distress claim is based on the VA's "either negligently, or intentionally, schedul[ing] medical assessment, and /or [sic] evaluation in places far from the home residence of Mr. Rebich and on

3

short notice," (Doc. 1 at ¶ 105), and on the VA's "requir[ing] Mr. Rebich to obtain medical testing which the defendant(s) later failed to pay for, and which resulted in the plaintiffs Rebich being contacted for the payment of services required by the defendant(s)," (*id.* at ¶ 108). In challenging the location of his appointments, Rebich "seek[s] relief for the type of administrative negligence in scheduling appointments that must be channeled through [§ 511]." *Tumac*, 897 F.3d at 1205–06. Further, Rebich's challenge to the VA's refusal to pay for medical tests is plainly barred by § 511's plain text. *See* 38 C.F.R. § 20.3(e) (defining "benefit" to include "payment"). Unlike in *Tumac*, Rebich's negligent infliction of emotional distress claim cannot be fairly read as alleging that a medical professional breached a duty of care. Because the entire claim is premised on benefits decisions, it is barred by § 511.

The VA argues the negligent infliction of emotional distress claim should be dismissed with prejudice. "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Here, based on Rebich's numerous allegations about the medical care he received, he could plausibly allege that a medical decision, as opposed to an administrative decision, by the VA caused him emotional distress. Accordingly, he is granted leave to amend.

## CONCLUSION

IT IS ORDERED that the VA's motion to dismiss the negligent infliction of emotional distress claim for lack of subject matter jurisdiction (Doc. 14) is GRANTED. Count III of the Complaint is DISMISSED WITHOUT PREJUDICE. Rebich may file an amended complaint consistent with the amended pleadings deadline set forth in the Scheduling Order (Doc. 20).

DATED this 17th day of January, 2020.

Donald W. Molloy, District Judge
United States District Court