IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY REBICH, and SHERRY REBICH,<br><br>            Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA, and DOES 1 through 10, inclusive,<br><br>            Defendants. | CV 19–26–M–DWM<br><br>ORDER |

  Anthony Rebich and his wife Sherry have myriad complaints with the medical treatment he has received from the Department of Veterans Affairs ("VA"). However, the Federal Tort Claims Act ("FTCA") limits this action to claims that were administratively presented to the agency within two years of accrual. Ultimately, the VA's motion for summary judgment highlights the straightforward procedural defects in Rebich's case, which Rebich's four-page response brief does not effectively counter or deny. For the following reasons, the motion is granted.

1

**LEGAL STANDARD**

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted if the documentary evidence produced by the parties, viewed in the light most favorable to the nonmovant, permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248.

**ANALYSIS**

I.  **Administrative Exhaustion**

The FTCA waives the United States' sovereign immunity for claims based on the tortious acts or omissions of federal employees. 28 U.S.C. §§ 1346(b)(1), 2674. However, before filing suit, plaintiffs must present their claims to the appropriate federal agency. § 2675(a). "A claim is deemed presented for purposes of § 2675(a) when a party files (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002) (internal quotation marks omitted). An action may be commenced in court only after the agency denies the claim or fails to act on it within six months. § 2675(a).

Plaintiffs are confined to the claims previously presented to the agency and cannot bring new claims that "arise from a different set of facts." *See Sullivan v. United States*, CV 13-81-DWM-JCL, 2013 WL 12109409, at *3 (D. Mont. Dec. 16, 2013). "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017).

Here, as the VA argues, Rebich's administrative claim only raised concerns about the diagnosis and treatment of his bladder cancer and the blood clots in his lung. (*See generally* Doc. 32-1.) It did not address the liver, kidney, and heart issues, stool sample, dental care, or heart attack included in his Amended Complaint. (*Compare id. with* Doc. 27.) Further, Agent Orange is only mentioned in connection with the bladder cancer. (Doc. 32-1 at 4.) Meniere's disease is vaguely alluded to with respect to the location and scheduling of Rebich's appointments, which is not actionable. *See* 38 U.S.C. § 511; (Doc. 26). Accordingly, Rebich's claims based on conditions other than the bladder cancer or blood clots are barred because they were not administratively presented to the VA. *See Blair*, 304 F.3d at 864; *Sullivan*, 2013 WL 12109409, at *3.

## II.     Statute of Limitations

FTCA claims "shall be forever barred" unless they are presented to the appropriate agency within two years of accrual. 28 U.S.C. § 2401(b). A claim is presented to the agency when the agency receives an executed Standard Form 95.

28 C.F.R. § 14.2(a).  In medical malpractice cases, a claim accrues when the plaintiff knew or should have known of the injury and the cause of that injury. *Davis v. United States*, 642 F.2d 328, 330 (9th Cir. 1981); *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001).

Here, the VA received Rebich's Standard Form 95 on November 28, 2017. (Doc. 38 at ¶ 16.)  The VA thus argues that claims based on his bladder cancer, which was diagnosed on April 6, 2015, (*id.* at ¶ 6), are time barred.  Rebich's claim is that the VA failed to timely diagnose his bladder cancer.  He alleges that the VA conducted urine tests in January 2015, refused to provide follow-up treatment when he experienced blood in his urine after the knee surgery in February 2015, and denied approval for a urologist visit in March 2015, wrongly concluding there was no concern despite conducting a urine test.  (Doc. 27 at ¶¶ 36–41; Doc. 32-1 at 4.)  He was eventually diagnosed by a non-VA urologist on April 6, 2015.  (Doc. 38 at ¶ 6.)  By that date, Rebich knew of his injury and knew or should have known that the VA dropped the ball in diagnosing it.

This is not a case where Rebich was reasonably unaware of the VA's delayed diagnosis because of reliance on a medical professional's advice.  *See Winter*, 244 F.3d at 1090–91.  And because Rebich knew or should have known of the VA's delayed diagnosis as early as April 2015, the continuous treatment doctrine does not toll the statute of limitations.  *See Outman v. United States*, 890

F.2d 1050, 1053 (9th Cir. 1989). Accordingly, Rebich's claims based on the VA's failure to diagnose his bladder cancer are time barred.[1]

CONCLUSION

Accordingly, IT IS ORDERED that the VA's motion for summary judgment (Doc. 29) is GRANTED. Rebich's claims survive only to the extent they are based on the 2017 blood clots and related pulmonary embolism.

DATED this 8th day of July, 2020.

13:32 P.M.

Donald W. Molloy, District Judge
United States District Court

---

[1] Rebich also alleges that the VA required him to travel to Helena and then to Plains to receive Bacillus Calmett-Guerin therapy instead of sending the medicine to Kalispell. (Doc. 27 at ¶¶ 45–47; Doc. 32-1 at 4–5.) As discussed in this Court's January 17, 2020 Order (Doc. 26), the Veterans Judicial Review Act, 38 U.S.C. § 511, bars claims based on the scheduling and location of appointments.